UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
NIBULON S.A.,

                            Plaintiff,

    - against -

SAN SHIPPING and GLAN a/k/a GLAN SHPK or GLAN
SH. P.K. or GLAN SHOQERI ME PERGJEGJESI
TE KUFIZUAR,

                            Defendants.
---------------------------------------------------------------X

08 CV _____

ECF CASE

## VERIFIED COMPLAINT

Plaintiff, NIBULON S.A. (hereinafter "Plaintiff"), by and through its attorneys, Lennon, Murphy & Lennon, LLC, as and for its Verified Complaint against the Defendants, SAN SHIPPING and GLAN a/k/a GLAN a/k/a GLAN SHPK or GLAN SH. P.K. or GLAN SHOQERI ME PERGJEGJESI TE KUFIZUAR ("Glan") (collectively referred to as "Defendants"), alleges, upon information and belief, as follows:

1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2.    At all times material to this action, Plaintiff was, and still is, a foreign company duly organized and operating under foreign law with an address in Switzerland.

3.    Upon information and belief, Defendant San Shipping was, and still is, a foreign corporation, or other business entity organized and existing under foreign law with an address in Albania and was at all material times the Owner of the motor vessel "SAN" (hereinafter the "Vessel").

4.    At all material times, Plaintiff was the owner of a cargo of corn ("Cargo") loaded

on board the Vessel at Nikolaev, Ukraine, for a voyage and ultimate discharge at Durres, Albania.

5. Upon information and belief, Defendant Glan was, and still is, a foreign corporation, or other business entity organized and existing under foreign law with an address in Albania and was at all material times the receiver of the Cargo.

6. Plaintiff and non-party, Sovarex S.A., entered into an agreement providing for the sale and delivery of the Cargo by sea.

7. Pursuant to the above agreement, Plaintiff undertook to ship the Cargo to Sovarex aboard Defendant San Shipping's Vessel.

8. Plaintiff's Cargo was loaded on board the vessel at Nikolaev, Ukraine and a bill of lading was issued by or on behalf of the Owner/Carrier San Shipping dated May 5, 2008. **See Exhibit "1."** Defendant Glan is named "notify party" therein.

9. Plaintiff expressly provided that the Cargo should not be discharged in absence of the production of the original bill of lading.

10. Both Defendants were aware that the Cargo should not be discharged without production of the original bill of lading.

11. Furthermore, in accordance with English law, both Defendants are liable for any damages arising from the release of the Cargo without production of the original bill of lading.

12. Contrary to Plaintiff's strict and express instructions and applicable English law, the Vessel has discharged the Cargo in Durres, Albania in the absence of the original bill of lading.

13. Discharging the Cargo in the absence of the original bill of lading constitutes a breach of the May 5, 2008 bill of lading contract.

14. As a result of Defendants' breach of the bill of lading contract and/or their tortious actions, Plaintiff has and will suffer damages in the principle amount of $300,000.00, as best as can now be estimated, exclusive of interest, attorney's fees and litigation costs to be incurred in the forthcoming English proceeding.

15. Plaintiff will initiate proceedings on its claims in London after the commencement of this action and jurisdiction is obtained over Defendant(s). English law will be applied to the dispute.[1]

16. This action is brought in order to obtain jurisdiction over Defendant(s) and also to obtain security for Plaintiff's claims and in aid of legal proceedings in London.[2]

17. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in proceedings guided by English law. As best as can now be estimated, Plaintiff expects to recover the following amounts:

| | | |
|---|---|---|
| A. | Principle damage claim: | $300,000.00 |
| B. | Estimated interest on claims:<br>Approx. 2 years at 7.5%, compounded quarterly | $48,066.50 |
| C. | Estimated recoverable attorneys' fees and litigation costs: | $75,000.00 |
| **Total** | | **$423,066.50** |

18. The Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendants have, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court,

---

[1] Nothing herein should be deemed a waiver of Plaintiff's right to arbitrate the claims set forth herein. Plaintiff reserves its right to arbitrate its claim should it become necessary.
[2] Plaintiff further reserves its right to proceed with its substantive claims against Defendants in this action.

held in the hands of one or more garnishees which are believed to be due and owing to the Defendant.

19. The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and/or also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any assets of the Defendants held by the aforesaid garnishee for the purpose of obtaining personal jurisdiction over the Defendants, and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Complaint;

B. That pursuant to 9 U.S.C. §§ 201 et. seq. and/or the principles of comity, this Court recognize and confirm any award and/or judgment rendered on the claims had herein as a Judgment of this Court;

C. In the alternative, to the extent applicable, that the Court retain jurisdiction to compel the Defendants to arbitrate in accordance with the United States Arbitration Act, 9 U.S.C. § 1 *et seq.*;

D. That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and/or also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or

intangible, or any other funds held by any garnishee within the District which are due and owing to the Defendants, in the amount $423,066.50 calculated to date to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

E. That in the alternative, this Court rendered Judgment against Defendants on the claims set forth herein;

F. That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

G. That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

H. That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated: May 21, 2008
New York, NY

The Plaintiff,
NIBULON S.A.

By: /s/ Kevin J. Lennon
Kevin J. Lennon
Patrick F. Lennon
Nancy R. Peterson
LENNON, MURPHY & LENNON, LLC
420 Lexington Ave., Suite 300
New York, NY 10170
(212) 490-6050 – phone
(212) 490-6070 – fax
kjl@lenmur.com
nrp@lenmur.com
pfl@lenmur.com

## ATTORNEY'S VERIFICATION

State of New York    )
                     )  ss.:   City of New York
County of New York   )

1. My name is Kevin J. Lennon.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am a partner in the firm of Lennon, Murphy & Lennon, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:    May 21, 2008
          New York, NY

                                    _____
                                    Kevin J. Lennon

# EXHIBIT "1"

CODE NAME: "CONGENBILL". EDITION 1994

Page 2

**Shipper**
NIBULON S.A.
AV. DE LA GARE 49
2000 NEUCHATEL, SWITZERLAND

B/L 1

**BILL OF LADING**
TO BE USED WITH CHARTER-PARTIES
Order 08/107

**Consignee**
TO ORDER

**Notify address**
GLAN
LAGJA 3, RRUGA SKENDERBEJ
DURRES, ALBANIA

**Vessel**
mv "SAN"

**Port of loading**
NIKOLAEV, UKRAINE

**Port of discharge**
DURRES, ALBANIA

**Shipper's description of goods**

UKRAINIAN CORN IN BULK, CROP 2007

**Gross weight**

**Net weight**
5,307.784 MT

CLEAN ON BOARD
FREIGHT PREPAID

(of which  NIL  on deck at Shippers risk; the Carrier not being responsible for loss or damage howsoever arising)

Freight prepaid: as per Charter Party dated 15.04.08

SHIPPED at the Port of Loading in apparent good order and condition on board the Vessel for carriage to the Port of Discharge or so near thereto as she may safely get the goods specified above.
Weight, measure, quality, quantity, condition, contents and value unknown.
IN WITNESS whereof the Master or Agent of the said Vessel has signed the number of Bills of Lading indicated below all of this tenor and date, any one of which being accomplished the others shall be void.

Received on account of freight:

Time used for loading      days      hours.

FOR CONDITIONS OF CARRIAGE SEE OVERLEAF

| Freight prepaid | Place and date of issue |
|---|---|
|  | NIKOLAEV, UKRAINE 03.05.2008 |
| Number of original Bs/L | Signature |
| three | MR BALLA FATMIR AS MASTER OF M/V "SAN" |





# BILL OF LADING

TO BE USED WITH CHARTER-PARTIES
CODE NAME: "CONGENBILL"
EDITION 1994
ADOPTED BY
THE BALTIC AND INTERNATIONAL MARITIME CONFERENCE (BIMCO)

Page 1

## Conditions of Carriage

(1) All terms and conditions, liberties and exceptions of the Charter Party, dated as overleaf, including the Law and Arbitration Clause, are herewith incorporated.

(2) General Paramount Clause.

(a) The Hague Rules contained in the International Convention for the Unification of certain rules relating to Bills of Lading, dated Brussels the 25th August 1924 as enacted in the country of shipment, shall apply to this Bill of Lading. When no such enactment is in force in the country of shipment, the corresponding legislation of the country of destination shall apply, but in respect of shipments to which no such enactment's are compulsorily applicable, the terms of the said Convention shall apply.

(b) Trades where Hague-Visby Rules apply.

In trades where the International Brussels Convention 1924 as amended by the Protocol signed at Brussels on February 23rd 1968 – the Hague-Visby Rules – apply compulsorily, the provisions of the respective legislation shall apply to this Bill of Lading.

(c) The Carrier shall in no case be responsible for loss of or damage to the cargo, howsoever arising prior to loading into and after discharge from the Vessel or while the cargo is in the charge of another Carrier, nor in respect of deck cargo or live animals.

(3) General Average.

General Average shall be adjusted, stated and settled according to York-Antwerp Rules 1994, or any subsequent modification thereof, in London unless another place as agreed in the Charter Party.
Cargo's contribution to General Average shall be paid to the Carrier even when such average is the result of a fault, neglect or error of the Master, Pilot or Crew. The Chatterers, Shippers and consignees expressly renounce the Belgian Commercial Code, Part II, Art. 148.

(4) New Jason Clause.

In the event of accident, danger, damage or disaster before or after the commencement of the voyage, resulting from any cause whatsoever, whether due to negligence or not, for which, or for consequence of which, the Carrier is not responsible, by statute, contract or otherwise, the cargo, shippers, consignees or the owners of the cargo shall contribute with the Carrier in General Average to the payment of any sacrifices, losses or expenses of a General Average nature that may be made or incurred and shall pay salvage and special charges incurred in respect of the cargo. If a salving vessel is owned or operated by the Carrier, salvage shall be paid for as fully as if the said salving vessel or vessels belonged to strangers. Such deposit as the Carrier, or his agent, may deem sufficient to cover the estimated contribution of the goods and any salvage and special charges thereon shall, if required, be made by the cargo, shippers, consignees or owners of the goods to the Carrier before delivery.

(5) Both-to-Blame Collision Clause.

If the Vessel comes into collision with another vessel as a result of negligence of the other vessel and any act, neglect or default of the Master, Mariner, Pilot or the servants of the Carrier in the navigation or in the management of the Vessel, the owners of the cargo carried hereunder will indemnify the Carrier against all loss or liability to the order or non-carrying vessel or her owners in so far as such loss or liability represents loss of, or damage to, or any claim whatsoever of the owners of said cargo, paid or payable by the other or non-carrying vessel or her owners to the owners of said cargo and set-off, recouped or recovered by the other or non-carrying vessel or her owners as part of their claim against the carrying Vessel or the Carrier.
The foregoing provisions shall also apply where the owners, operators or those in charge of any vessel or vessels or objects other then, or in addition to, the colliding vessels or objects are at fault in respect of a collision or contact.

For particulars of cargo, freight,
destination, etc., see overleaf.